IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00166-BNB

ROBERT WAYNE ROBINSON,

    Plaintiff,

v.

KEVIN ELLMAN,
JULIET MINOR,
STEVE SCHOENMAKERS,
SANDRA MACINTOSH,
JOSE VEGA, and
PAUL MATTOX, in their individual and official capacities,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 21 2008

GREGORY C. LANGHAM
              CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Robert Wayne Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Robinson has filed *pro se* an amended complaint for money damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1985; 28 U.S.C. § 1343 (a)(3); the Americans with Disabilities Act; and the Rehabilitation Act of 1973. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). On February 20, 2008, he filed a motion to withdraw the amended complaint.

The Court must construe the amended complaint liberally because Mr. Robinson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Robinson will be ordered to file a second amended complaint. The February 20, 2008, motion to withdraw the amended complaint will be denied as unnecessary.

Mr. Robinson alleges that he suffers from an unspecified mental disability. He is suing a deputy district attorney; a Colorado Springs, Colorado, attorney; the former superintendent of the Colorado Mental Health Institute in Pueblo, Colorado; two psychologists; a psychiatrist; a Castle Rock, Colorado, deputy county attorney; and a Pueblo, Colorado, county attorney; apparently because they were involved in the mental-health evaluation to determine his competency to stand trial. He specifically complains that the defendants relied upon the psychologists' evaluation of him to determine his competency. He contends that he has not been provided with adequate psychiatric treatment for his mental disability.

Mr. Robinson apparently disagrees with the basis for his conviction, is attacking his competency evaluation as a means to attack the validity of his conviction, and seeks money damages to compensate him for his allegedly wrongful conviction. He does not appear to have invalidated his conviction because he currently is incarcerated.

The second amended complaint Mr. Robinson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery*

*Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Robinson must clarify which claim is asserted pursuant to which statute. He must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Robinson "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Robinson should be given an opportunity to file a second amended complaint that asserts, simply and concisely, the claims he intends to raise, against the defendants he intends to sue. He will be directed to do so below.

Finally, Mr. Robinson is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Robinson should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion to withdraw the amended complaint filed with the Court on February 20, 2008, is denied as unnecessary. It is

FURTHER ORDERED that Mr. Robinson file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robinson, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Robinson submit sufficient copies amended second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Robinson fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED February 21, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00166-BNB

Robert Wayne Robinson
Prisoner No. 49082
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/21/08

                                GREGORY C. LANGHAM, CLERK

                        By: _____
                                  Deputy Clerk