IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00166-BNB

ROBERT WAYNE ROBINSON,

     Plaintiff,

v.

KEVIN ELLMAN,
JULIET MINOR,
STEVE SCHOENMAKERS,
SANDRA MACINTOSH,
JOSE VEGA,
PAUL MATTOX, and
COLORADO DEPARTMENT OF HUMAN SERVICES, in their individual and
     official capacities,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 8 2008

GREGORY C. LANGHAM
              CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff, Robert Wayne Robinson, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Arkansas Valley

Correctional Facility in Crowley, Colorado. Mr. Robinson filed *pro se* an amended

complaint for money damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1985; 28

U.S.C. § 1343(a)(3); the Americans with Disabilities Act (ADA); and the Rehabilitation

Act of 1973. He was granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 (2006).

     On February 21, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Robinson

within thirty days to file a second amended complaint that complied with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 25, 2008,

Mr. Robinson filed a complaint titled "Amended Prisoner Complaint With Cured Deficiency" for money damages pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3); the ADA; the Rehabilitation Act; 28 U.S.C. § 1367 (2006); and Colo. Rev. Stat. §§ 27-10-115 and -116. On March 6, 2008, he filed a second amended complaint for money damages pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3); the ADA; the Rehabilitation Act; 28 U.S.C. § 1367 (2006); and Colo. Rev. Stat. §§ 27-10-115 and -116.

The Court must construe the second amended complaint liberally because Mr. Robinson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint and the action will be dismissed.

Mr. Robinson alleges that he suffers from an unspecified mental disability. He is suing a Castle Rock, Colorado, deputy district attorney; a Castle Rock attorney; the former superintendent of the Colorado Mental Health Institute in Pueblo, Colorado; two psychologists from Colorado Springs and Pueblo, Colorado, a Pueblo psychiatrist; and the state department of human services. He contends these Defendants were involved in a mental-health evaluation of him in January 2003 when he was a pretrial detainee.

He complains that the defendants ignored a state mental-health law requiring psychiatrists to conduct competency and sanity evaluations. He fails to make clear whether the evaluation was to determine his competency to stand trial. He contends that he only learned that he had a cause of action when a local newspaper published an article approximately in January 2006 based upon an admission by the Mesa

2

County, Colorado, district attorney, that for years the state had been violating the law by using psychologists to conduct evaluations. He also asserts that after the statutory violations were exposed in the newspaper, the Colorado Revised Statutes were amended to permit psychologists with forensic training in mental diseases or defects to conduct competency and sanity evaluations. Despite his insistence that the instant action is not an attack on the validity of his criminal conviction, Mr. Robinson still appears to be attacking the validity of his criminal conviction by attacking the validity of his mental-health evaluation to determine his sanity and competency to stand trial.

The second amended complaint Mr. Robinson has filed fails to comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and

3

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Robinson characterizes the same claims as violations of his civil rights, his rights under the ADA, and under the Rehabilitation Act. However, the claims are vague and conclusory. Mr. Robinson fails to understand that he must assert, simply and concisely, the specific acts by each Defendant that allegedly violated his rights. As Magistrate Judge Boland informed Mr. Robinson in the February 21, 2008, order for a second amended complaint, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Vague and conclusory allegations are not a substitute for specific factual allegations.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and, therefore, must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed for

failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 27 day of _____March_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   08-cv-00166-BNB

Robert Wayne Robinson
Prisoner No. 49082
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08

                                   GREGORY C. LANGHAM, CLERK


                                   By:_____
                                       Deputy Clerk